**Davis Polk**

Andrew Ditchfield
+1 212 450 3009
andrew.ditchfield@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

> **MEMO ENDORSED**
>
> Mead Johnson's request to stay discovery pending the resolution of its motion to dismiss is GRANTED. Mead Johnson has raised viable grounds for dismissing the amended complaint, which may narrow or eliminate the issues remaining in this case. Additionally, staying discovery at this juncture would not unduly prejudice Perrigo. SO ORDERED.
>
> /s/ Edgardo Ramos
> Edgardo Ramos, U.S.D.J.
> Dated: May 22, 2023
> New York, New York

May 19, 2023

**VIA ECF**
The Honorable Edgardo Ramos
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Perrigo Pharma International Designated Activity Co., v. Mead Johnson & Co. LLC*,
    Case No. 23 Civ. 00008 (ER)

Dear Judge Ramos:

We represent Defendant Mead Johnson & Co. LLC ("Mead Johnson") in the above-referenced action filed by Perrigo Pharma International Designated Activity Co. ("Perrigo") and write regarding Mead Johnson's April 14, 2023 letter (the "April 14 Letter" (Dkt. No. 82)) requesting that the Court order a stay of discovery during the pendency of Mead Johnson's motion to dismiss the Amended Complaint, which motion was filed earlier this week (the "Motion to Dismiss") (Dkt. Nos. 96, 97)).[1]

For the reasons set forth in Mead Johnson's April 14 Letter, there is good cause to stay discovery pending resolution of Mead Johnson's Motion to Dismiss, as the motion is likely to dispose of the Amended Complaint in its entirety. Since the disposition of the Motion to Dismiss "may significantly narrow, if not eliminate, the issues remaining in this case," *HAHA Glob., Inc. v. Barclays*, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020), some—and likely all—of the discovery Perrigo seeks would, if permitted to proceed now, constitute "an undue burden" and a "waste [of] the parties' resources," *Magee v. Walt Disney Co.*, 2020 WL 8815489, at *1 (S.D.N.Y. June 10, 2020). The only potential prejudice that Perrigo identifies is the delay itself (Dkt. 88 at 2), which is legally insufficient to warrant denial of a stay. *See, e.g., Valentini v. Grp. Health Inc.*, 2021 WL 861275, at *2 (S.D.N.Y. Mar. 8, 2021) (holding that "delay," as "an inherent feature of a discovery stay," constituted "little prejudice").

Accordingly, Mead Johnson respectfully renews its requests that the Court order a stay of discovery pending the resolution of Mead Johnson's Motion to Dismiss.

Respectfully submitted,

/s/ Andrew Ditchfield

Andrew Ditchfield

cc:    All Counsel of Record (via ECF)

---

[1] Contrary to Perrigo's assertions in its April 19, 2023 letter (Dkt. 89), courts routinely grant motions to stay discovery in advance of the filing of a motion to dismiss. *See, e.g.*, Jan. 6, 2023 Minute Entry, *Money Tree Cap. Funding, LLC v. Money Tree Cap. Mkts. LLC*, No. 22-cv-10084 (S.D.N.Y.) (granting stay of discovery simultaneously with setting briefing schedule for motion to dismiss); Aug. 15, 2019 Minute Entry, *Platt v. Michaan*, No. 19-cv-4234 (S.D.N.Y.) (same). In any event, Mead Johnson has filed the Motion to Dismiss, so any argument that the stay request is premature is now moot.